UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDRICK HERMAN FISHER,

    Plaintiff,                        CIVIL ACTION NO. 04-72102

    v.                              DISTRICT JUDGE ROBERT H. CLELAND

GEORGE PRAMSTALLER,                MAGISTRATE JUDGE VIRGINIA M. MORGAN
DR. CRAIG HUTCHINSON,
GREGORY NAYLOR, JAN EPP,
VALORIE HAMMOND, JENNIFER
ENGSTROM, SHERRI GREGUREK,
DR. A. FAGHIHNIA, MARY LOU
SWEETON, DOUG VASBINDER,
BRUCE CUMMINGS, JONATHA
MAYSTEAD, and JACKIE COOKE,

    Defendants.
_____/

## ORDER GRANTING MOTION IN PART AND EXTENDING TIME FOR FILING DISPOSITIVE MOTIONS

**I. Introduction**

    This matter comes before the court on (1) Defendants' Identification of Exhaustion Claims (D/E #67 and #68), (2) Defendant Hutchinson's Motion for Enlargement of Time to Answer Plaintiff's Motion for Summary Judgment and Request for an Order for Legible Copies of Plaintiff's Motion (D/E #78), and (3) Defendants Naylor, Hammond, Gerguerk, Cooke, Vasbinder, Cummings, Maystead, Epp, Engstrom, Pramstaller, and Sweeton's motion to extend

- 1 -

time for a response to plaintiff's motion and to file their own summary judgment motion (D/E #79). The latter eleven defendants also join and concur in defendant Hutchinson's motion for enlargement of time (D/E #80). Plaintiff has not filed a response to any of defendants' motions. The court, having read the pleadings and being otherwise fully advised in the premises, grants each motion in part and rejects the identification of exhausted claims.

## II.  Identification of Exhausted Claims

Plaintiff, an inmate at the Southern Michigan Correctional Facility, Jackson, Michigan, filed a *pro se* civil rights action under 42 U.S.C. §§ 1983 and 1985 against various Michigan Department of Corrections (MDOC) officials, employees, and agents, alleging that they denied him necessary medical care, in violation of the Eighth Amendment; that they retaliated against him for filing grievances regarding his medical care, in violation of the First Amendment; and that they conspired to obstruct justice, in violation of § 1985. On November 30, 2004, the District Judge adopted a Report and Recommendation of this court and dismissed plaintiff's complaint without prejudice because the complaint contained both exhausted and unexhausted claims (D/E #46). Plaintiff subsequently appealed that order. The Sixth Circuit, on the basis of the United States Supreme Court ruling in Jones v. Bock, __ U.S. __, 127 S. Ct. 1462, 166 L.Ed.2d 798 (2007), reversed the full dismissal of plaintiff's complaint and remanded the case for further proceedings consistent with Jones v. Bock. Fisher v. Pramstaller, 215 Fed.Appx. 430 (2007). Jones v. Bock held that an inmate's compliance with the Prison Litigation Reform Act (PLRA) exhaustion as to some, but not all, claims does not warrant dismissal of the entire action and the plaintiff should be allowed to proceed on his exhausted claims. 127 S.Ct. 923-924.

Following the remand, defendants filed an identification of exhausted issues.  Defendant Hutchinson argues that all of plaintiff's claims are unexhausted and should be dismissed (D/E #68), while the other defendants identify four grievances that were exhausted (D/E #67).  This court disagrees with all defendants  In its Report and Recommendation dated October 15, 2004 (D/E #37), this court found that plaintiff's complaint contained both exhausted and unexhausted claims.  This court specifically found that plaintiff only exhausted his administrative remedies as to his Eighth Amendment deliberate indifference claims against the defendants named in grievances JMF2003070412D2 and MBP03110289228B (D/E #37, pp. 4-7), while all other claims were unexhausted or irrelevant to plaintiff's complaint (D/E #37, pp. 3-4).  On November 30, 2004, the District Judge adopted the Report and Recommendation and expressly agreed that plaintiff's complaint contains some exhausted claims (D/E #46).

"Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." United States v. Moored, 38 F.3d 1419, 1421 (6th Cir.1994) (citing United States v. Bell, 988 F.2d 247, 250 (1st Cir.1993)).  As noted above, the District Judge agreed with the Report and Recommendation and ruled that plaintiff's complaint only contains some exhausted claims.  Therefore, under the law of the case doctrine, the findings of the District Court regarding the exhausted claims are binding for this litigation and plaintiff's Eighth Amendment claims of deliberate indifference against the defendants named in grievances JMF2003070412D2 and MBP03110289228B are deemed fully exhausted and may go forward.

### III. Other Motions

In their various motions, defendants request a legible copy of plaintiff's motion for summary judgment, an extension of time to answer plaintiff's motion for summary judgment, and an extension of time to file their own dispositive motions in light of the Court's ruling on their identification of exhausted claims. Recognizing that significant portions of plaintiff's motion are illegible and that any dispositive motions, including plaintiff's motion for summary judgment, are affected by the Court's ruling on the identification of exhausted claims, this Court finds that plaintiff's motion for summary judgment should be struck and the deadline for dispositive motions extended in light of the Court 's ruling on the identification of exhausted claims. The Court would note that either side may file motions for summary judgment in light of the ruling on exhaustion of claims, but that said motions must legible.

### IV. Conclusion

This Court orders that plaintiff's Eighth Amendment claims of deliberate indifference against the defendants named in grievances JMF2003070412D2 and MBP03110289228B are deemed fully exhausted. This Court also orders that plaintiff's motion for summary judgment filed July 16, 2007 (D/E 74) should be struck and the deadline for dispositive motions is extended to October 22, 2007.

**SO ORDERED.**

s/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: September 21, 2007

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on September 21, 2007.

                                                s/Jane Johnson
                                                Case Manager to
                                                Magistrate Judge Virginia M. Morgan