**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FREDRICK HERMAN FISHER,

    Plaintiff,

v.                                        Case No. 04-CV-72102

GEORGE PRAMSTALLER, et al.,

    Defendants.

                                         /

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, SUSTAINING DEFENDANTS' OBJECTIONS, ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT HUTCHINSON'S MOTION FOR SUMMARY JUDGMENT AND GRANTING REMAINING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Fredrick Herman Fisher filed this prisoners civil rights action on June 9, 2004. Defendants George Pramstaller, Jan Epp, Jackie Cooke, Gregory Naylor, Valorie Hammond, Sheri Gerguerk, Jennifer Engstrom, Mary Lou Sweeton, Bruce Cummings, Douglas Vasbinder and Jonatha Maystead filed a motion for summary judgment ("Defendants' motion") on October 22, 2007. On the same date, Defendant Craig Hutchinson filed a separate motion for summary judgment ("Hutchinson's motion"). Plaintiff filed a cross motion for summary judgment on November 26, 2007. On February 20, 2008, Magistrate Judge Virginia Morgan issued a Report and Recommendation ("R&R") in the above-captioned matter, recommending that the court deny Plaintiff's cross motion for summary judgment, grant Hutchinson's motion for summary judgment, and grant in part and deny in part the Defendants' motion for summary judgment by granting summary judgment to Defendants Cooke, Maystead, Cummings and Vasbinder and denying the motion as to Defendants Pramstaller,

Naylor, Epp, Engstrom, Gerguerk, Sweeton and Hammond. Defendants Pramstaller, Naylor, Epp, Engstrom, Gerguerk, Sweeton, and Hammond filed objections to the R&R on March 5, 2008, contesting Judge Morgan's recommendation to allow Plaintiff's claims against them to proceed. Plaintiff did not respond to these objections. On April 3, 2008, however, Plaintiff filed his own objections to the R&R, contesting the grant of summary judgment to Defendant Hutchinson. Hutchinson filed a response to Plaintiff's objections on April 15, 2008. For the reasons stated below, the court will overrule Plaintiff's objections and sustain Defendants' objections, adopt in part and reject in part the report and recommendation, deny Plaintiff's cross motion for summary judgment, grant Hutchinson's motion for summary judgment and grant Defendants' motion for summary judgment.

## I. BACKGROUND

On June 9, 2004, Plaintiff Fredrick Herman Fisher filed this prisoner civil rights action under 42 U.S.C. § 1983 (alleging Defendants violated his Eighth Amendment rights by denying him necessary medical care and his First Amendment rights by retaliating against him for filing grievances) and § 1985 (alleging Defendants conspired to obstruct justice). On November 30, 2004, this court issued an order adopting the magistrate judge's October 15, 2004 R&R to dismiss the complaint under the Prisoner Litigation Reform Act for failure to exhaust administrative remedies. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under . . . [any] Federal law, by a prisoner confined in any . . . correctional facility until such administrative remedies as are available are exhausted."). The Sixth Circuit reversed on February 1, 2007, remanding for reconsideration in light of *Jones v. Bock*, 549 U.S.

199 (2007), which held that an inmate's failure to exhaust some, but not all, claims asserted in a civil rights action does not warrant dismissal of entire case.

After the case was remanded, Defendants filed a document entitled "Identification of Exhausted Claims." In response, the magistrate judge issued an order that declared binding this court's previous findings as to which claims were exhausted, as set out in the order to dismiss the case. The order identified those claims fully exhausted and thus eligible to go forward: Plaintiff's claims under § 1983 asserting Eighth Amendment violations for alleged denial of eye surgery, denial of a colonoscopy and inadequate treatment for his injured left elbow. Plaintiff filed objections to the R&R, to which Defendant Hutchinson responded. Pramstaller, Epp, Cooke, Naylor, Hammond, Gerguerk, Engstrom, Sweeton, Cummings, Vasbinder and Maystead filed a joint objection to the R&R, to which no response has been filed.

## II. STANDARD

### A. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is

appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party must first show the absence of a genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). They must put forth enough evidence to show that there exists a genuine issue to be decided at trial. *Plant*, 212 F.3d at 934 (citing *Anderson*, 477 U.S. at 256). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52 (1986).

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment – the disputed factual issue must be material. *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict – 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'" (alteration in original)(citation omitted)). A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a

4

defense advanced by either party.  *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

## B.  Timely Objections and *De Novo* Review

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This *de novo* review requires this court to re-examine all the relevant evidence to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).  The court may "receive further evidence" if desired.  *Id.*

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of their purpose: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."  *Walters*, 638 F.2d at 949-50.  The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), noting that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute."  *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."  *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

### III. DISCUSSION

### A. Section 1985 Conspiracy to Obstruct Justice Claims

Regarding Plaintiff's § 1985 conspiracy to obstruct justice claim against Defendants Cooke, Maystead, Cummings and Vasbinder, the magistrate judge recommends granting summary judgment to Defendants, (R&R at 23), and denying summary judgment to Plaintiff, (*id.* at 11). Because Plaintiff did not meet the mandatory exhaustion requirement of 42 U.S.C. § 1997e(a) with respect to this claim, the magistrate judge concluded that Plaintiff is not entitled to bring it before this court. (*Id.* at 11, 23.) Because the court agrees and Plaintiff did not object, Defendants Cooke, Maystead, Cummings and Vasbinder's motion for summary judgment as to Plaintiff's § 1985 claim is granted, and Plaintiff's motion for summary judgment on the § 1985 claim is denied.

### B. Section 1983 Deliberate Indifference Claims

#### 1. Plaintiff's Trial Burden

To make out a claim under § 1983, a plaintiff must first demonstrate "the deprivation of a right secured by the Constitution or laws of the United States." *Street v. Corrections Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Plaintiff alleges that Defendants Pramstaller, Naylor, Epp, Engstrom, Gerguerk, Sweeton, Hammond and Hutchinson violated his Eighth Amendment right to reasonably necessary medical care while incarcerated. *See Estelle v. Gamble,* 429 U.S. 97, 103 (1976). Prison officials violate this right when they act with deliberate indifference to the serious medical needs of a prisoner. *Id.* at 104. To establish deliberate indifference, a plaintiff must satisfy both a subjective and objective component. *Comstock v. McCrary*, 398 F.3d 693, 702

6

(6th Cir. 2001). The objective element demands a showing that plaintiff had a sufficiently serious medical need, *id.* at 702-03, met when either "the seriousness of a prisoner's need for medical care is obvious even to a lay person" or the plaintiff "place[s] verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment," *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (internal quotations and citations omitted). The subjective prong requires a plaintiff to demonstrate that the defendant perceived a substantial risk to the prisoner, then disregarded it. *Comstock*, 398 F.3d at 703.

Even should Plaintiff prove that his constitutional rights were violated, his § 1983 claim will only succeed against a defendant who was personally involved in the rights deprivation. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam). "[S]upervisory official[s] may not be held liable under § 1983 for the misconduct of those the official supervises unless the plaintiff demonstrates that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Combs v. Wilkerson*, 315 F.3d 548, 558 (6th Cir. 2002) (internal quotations omitted).

### 2. Defendants' Motions for Summary Judgment

After reviewing the deliberate indifference claims against Defendants Hutchinson, Pramstaller, Naylor, Epp, Engstrom, Gerguerk, Sweeton and Hammond, the magistrate judge recommends granting Defendant Hutchinson's motion for summary judgment, (R&R at 22), and denying the remaining defendants' motion for summary judgment, (*id.* at 25). With respect to Hutchinson, the magistrate judge determined that a reasonable jury could conclude that Plaintiff had a serious medical need for eye surgery, a colonscopy and an orthopedic examination of his left elbow, but not that Hutchinson

7

was personally involved in Plaintiff's medical care. (*Id.* at 21). So, the magistrate judge concluded, while Plaintiff may have been able to meet the objective prong of the deliberate indifference test, he had not made a sufficient showing on the subjective prong to satisfy his burden of proving "[a]t a minimum . . . that [Hutchinson] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson County,* 668 F.2d 869, 874 (6th Cir. 1982).

On the other hand, the magistrate judge recommended denying Defendants Pramstaller, Naylor, Epp, Engstrom, Gerguerk, Sweeton and Hammond's motion for summary judgment without considering the issue of personal involvement. The magistrate judge analyzed the possible Eighth Amendment violation while considering Defendants' claim of qualified immunity.[1] (R&R at 24.) The magistrate judge again decided that Defendants had failed to show the absence of an issue of material fact regarding Plaintiff's medical need for, and possible denial of, eye surgery, (*id.* at 25), a colonoscopy, (*id.* at 27), and treatment for his left elbow, (*id.* at 29). But, unlike the analysis on Defendant Hutchinson's motion, the magistrate judge concluded that Plaintiff had made out a viable § 1983 claim without proceeding to the subjective prong of the deliberate indifference test. After deciding that Plaintiff's right to medical care and the deliberate indifference standard for determining Eighth Amendment violations was

---

[1] Qualified immunity protects a public officer from personal liability, unless the facts alleged show: (1) an officer's conduct violated the plaintiff's constitutional rights, and (2) the right was clearly established at the time of the violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Thus, the magistrate judge's decision on the first inquiry will also determine whether Plaintiff's claim can survive summary judgment on the merits, since stating a claim under § 1983 requires Plaintiff to show "the deprivation of a right secured by the Constitution or laws of the United States." *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

8

clearly established, the magistrate judge recommended denying Defendants summary judgment based on qualified immunity.  (*Id.* at 31 (citing *Estelle v. Gamble*, 429 U.S. 97, 97 (1976)).)

Plaintiff objects to the magistrate judge's recommendation to grant Defendant Hutchinson summary judgment, and Defendants Pramstaller, Naylor, Epp, Engstrom, Gerguerk, Sweeton and Hammond object to the recommendation to deny them summary judgment.  Defendants assert that Plaintiff's failure to demonstrate their personal involvement in the alleged Eighth Amendment violations should decide the motion in their favor, as was the case with Defendant Hutchinson's motion.  (*See* Defs.' Obj. at 2-4.)[2]  The court agrees that this factor is dispositive and should have been considered by the magistrate judge.  Defendants may discharge their motion burden by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case," *Celotex*, 477 at 325, and Defendants do point out in their motion for summary judgment that the complaint fails to demonstrate any of the named Defendants' personal involvement in Plaintiff's medical care.  (Def.'s Mot. for Summ. J. at 4.)  Plaintiff's objections to the R&R likewise raise the issue of personal involvement, as he alleges Defendant Hutchinson had some responsibility for deciding the course of his medical treatment.  (Pl.'s Obj. at ¶¶ 2, 4, 7.) The court must therefore consider whether Plaintiff has succeeded in showing an issue

---

[2]Defendants, in addition to their objections addressing the magistrate judge's ruling on the constitutional violation, also objected to the analysis of the clearly established aspect of the qualified immunity inquiry.  Because the court rules that no constitutional violation has occurred, the clearly established inquiry is moot and the court need not address this issue.

9

of material fact as to whether Defendants "subjectively perceived a risk of harm [to Plaintiff] and then disregarded it." *Comstock*, 273 F.3d at 703.

Plaintiff's relevant filings ("Plaintiff's Answer with Exhibits to Defendant's Motion for Summary Judgment under F.R.C.P. 56 and Plaintiff's Cross Motion for Summary Judgment under F.R.C.P. 56" and "Plaintiff's Objections to Some of the Report and Recommendation") mention by name only three of the nine Defendants to the § 1983 claim: Nurse Sweeton, Dr. Pramstaller and Dr. Hutchinson.  First, Plaintiff alleges in his response and cross motion that Defendant Sweeton "pushed . . . [him] into a steel door" and injured his elbow.  ( Pl.'s Resp. to D.'s Mot. for Summ. J. and Cross Mot. for Summ. J. at ¶ 47.)  Even assuming that this is true, this incident is irrelevant to treating Plaintiff's eye, colon, or elbow and Plaintiff's allegation does not indicate that Sweeton was responsible for ensuring Plaintiff received such treatment.

Second, Plaintiff's response and cross motion refers to correspondence he received from Defendant George Pramstaller, CMO of MDOC, responding to a complaint letter Plaintiff sent to Defendant Pramstaller.  (*See* Pl.'s Resp. to D.'s Mot. for Summ. J. and Cross Mot. for Summ. J. at ¶ 21; 8/30/02 Letter, Pl.'s Ex. A at 7.)  The form letter from Pramstaller indicates that Plaintiff could pursue his grievance through institutional channels.  Far from demonstrating Pramstaller's involvement in Plaintiff's medical care, this indicates that Pramstaller was not the appropriate official to address Plaintiff's concerns about his treatment.

Third, Plaintiff's objections to the R&R assert that Defendant Hutchinson's position on the prison's Medical Services Advisory Committee ("MSAC") gave him "first hand knowledge of Plaintiff's serious medical problems," (Pl.'s Objections at ¶¶ 2, 4),

10

and that Hutchinson, presumably by his actions as an MSAC member, "den[ied] Plaintiff Fisher the medical treatment that he so badly needed," (*id.* at ¶ 7). The only evidence presented by either Plaintiff or Hutchinson that MSAC ever considered Plaintiff's medical treatment is a memorandum dated May 25, 2004 from Dr. William Borgerding (Acting Chief Medical Officer ("CMO") of the Bureau of Health Care Services for the Michigan Department of Corrections ("MDOC")). (Memorandum, Pl.'s Ex. A at 34.) This document states that MSAC considered and approved the request for Plaintiff's corneal transplant. (*Id.*) First, the memorandum suggests that Hutchinson knew only about Plaintiff's need for eye surgery and not his colon condition or left elbow injury. Second, assuming that the information presented to Hutchinson and the other MSAC members conveyed Plaintiff's serious medical need for eye surgery, the decision to authorize the requested operation is hardly a deliberate disregard of the risk this need imposed on Plaintiff.

Even if Plaintiff were able to show that MSAC made decisions that effectively denied him medical care, he has not demonstrated that Hutchinson is responsible. According to the MDOC Policy Directive concerning Health Services, MSAC is responsible for "recommending improvements to the delivery of health care services, developing criteria for care to be provided to prisoners in chronic care clinics, approving medication to be added to the BHCS uniform formulary, and other responsibilities as identified by the BHCS Administrator." (Policy Directive at 2, Def.'s Ex. C.) One of these "other responsibilities," set forth in MDOC Operating Procedure 03.04.100 APA, is to review second-step appeals from denials of specialty care requests of individual prisoners. (Operating Procedure at 3, Def.'s Ex. D.) But even though MSAC discusses

11

these appeals and "reaches a consensus if possible" on whether a request should be granted, it is the CMO that has the ultimate authority to decide an individual case. (*Id.*) Hutchinson, as a member of MSAC, does not have any independent decision-making authority to grant or deny any prisoner's treatment request. Thus, he was in no position to deny Plaintiff care even had he been fully aware of all Plaintiff's medical problems.

Because none of Plaintiff's allegations demonstrate the personal involvement of Defendants in Plaintiff's medical care, he has not made a sufficient showing on the subjective prong of the deliberate indifference test. As a result, Plaintiff has failed to make out an Eighth Amendment violation, meaning he can neither state a claim against Defendants under § 1983 nor deprive Defendants Pramstaller, Naylor, Epp, Engstrom, Gerguerk, Sweeton and Hammond of their qualified immunity. Accordingly, the court will grant each Defendants' motion for summary judgment.

### 3. Plaintiff's Cross Motion for Summary Judgment

The magistrate judge reviewed Plaintiff's cross motion for summary judgment and recommended denying it on the § 1983 claims due to material issues of fact on both the objective and subjective prongs of the deliberate indifference test. (R&R at 11.) Plaintiff did not object to this portion of the R&R. As described above, the court has decided that Defendants are entitled to summary judgment on the question of whether they subjectively ignored Plaintiff's medical needs. Under these circumstances, summary judgment for Plaintiff is inappropriate. The magistrate judge's recommendation as to Plaintiff's cross motion is adopted and the motion will be denied.

### III. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objections [Dkt. # 102] are OVERRULED and Defendants' objections [Dkt. # 99] are SUSTAINED.

The Magistrate Judge's Report and Recommendatio [Dkt. # 97] is ADOPTED IN PART AND REJECTED IN PART. Specifically, it is ADOPTED as to the disposition of Plaintiff's cross motion for summary judgment, Defendant Hutchinson's motion for summary judgment and Defendants Cooke, Maystead, Cummings, and Vasbinder's motion for summary judgment, and it is REJECTED as to the recommended denial of Defendants Pramstaller, Naylor, Epp, Engstrom, Gerguerk, Sweeton and Hammond's motion for summary judgment.

IT IS FURTHER ORDERED that Plaintiff's cross motion for summary judgment [Dkt. # 94] is DENIED.

IT IS FURTHER ORDERED that Defendant Hutchinson's motion for summary judgment [Dkt. # 85] is GRANTED.

IT IS FURTHER ORDERED that Defendants Pramstaller, Epp, Cooke, Naylor, Hammond, Gerguerk, Engstrom, Sweeton, Cummings, Vasbinder and Maystead's motion for summary judgment [Dkt. # 86] is GRANTED.

A separate judgment will issue.

                                              s/Robert H. Cleland  
                                              ROBERT H. CLELAND  
                                              UNITED STATES DISTRICT JUDGE

Dated: July 18, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 18, 2008, by electronic and/or ordinary mail.

      s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522